McGREGOR W. SCOTT
United States Attorney
ELLEN V. ENDRIZZI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2716



DEC 3 0 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE ) NO. 2:05 - SW - 0278 KJM
APPLICATION OF THE UNITED )
STATES OF AMERICA FOR AN )
ORDER AUTHORIZING THE ) **UNDER SEAL**
INSTALLATION AND USE OF A )
PEN REGISTER AND TRAP AND )
TRACE DEVICE ON AN IBM )
THINKPAD COMPUTER, MODEL )
NUMBER T232647-M5U, SERIAL )
NUMBER 78-9FG51 )

## O R D E R

This matter comes before the Court pursuant to an application under Title 18, United States Code, Section 3122 by Ellen V. Endrizzi, an attorney for the government, which application requests an order under Title 18, United States Code, Section 3123 authorizing the installation and use of a pen register and trap and trace devices on an IBM Thinkpad computer, model number T232647-M5U, serial number 78-9FG51 ("the subject computer"). The Court finds that the applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation into possible violations of 18 U.S.C. § 844(n) – Conspiracy and

related statutes, by Lauren Weiner and individuals currently known and unknown.

IT IS ORDERED, this 30th day of December 2005, based on Title 18, United States Code, Section 3123, and subject to the recordkeeping requirements of subsection (a)(3) of that Section, that when the subject computer is provided to Lauren Weiner, as confirmed by reliable information, agents of the Federal Bureau of Investigation may activate pen register and trap and trace devices to trace the source of all electronic communications directed to the subject computer and all electronic communications that are directed from the subject computer, and may record the date, time, and duration (but not the contents)[1] of these communications for a period of 60 days;

IT IS FURTHER ORDERED, pursuant to the All Writs Act, Title 28, United States Code, Section 1651, that the Federal Bureau of Investigation is directed to delete the pen register and trap and trace function as soon as it is no longer necessary for the purpose requested, and no later than upon the conclusion of the authorized period for the pen register and trap and trace and any extensions granted by the Court;

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b)(2), that third party electronic communications providers whose assistance may (pursuant to 18 U.S.C. § 3123(a)(1)) facilitate the execution of the order, upon service of this Order upon them, shall furnish information, facilities, and technical assistance necessary to accomplish the

---

[1] See the Addendum attached hereto and incorporated herein.

installation of the trap and trace devices and pen registers including installation and operation of the devices unobtrusively and with a minimum of disruption of normal service;[2]

IT IS FURTHER ORDERED, that the Federal Bureau of Investigation compensate any person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate the execution of this Order for expenses reasonably incurred in complying with this Order;

IT IS FURTHER ORDERED, that the results of the trap and trace devices and the pen registers (not including contents of any communications) shall be furnished to the Federal Bureau of Investigation at reasonable intervals during regular business hours for the duration of the Order;

IT IS FURTHER ORDERED, that the tracing operation shall encompass tracing the communications to their original source (identified solely through information that does not constitute "content"), if possible, without geographic limit; and

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3123(b), that this Order and the Application be sealed until otherwise ordered by the Court, except that the Clerk shall provide two (2) certified copies to the attorney for the government, and that any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate the execution of this Order shall not disclose the existence of the trap and trace

---

[2] See the Addendum referenced in note 1 above, which applies equally to any third party electronic communications providers covered by this Order.

1 devices and pen registers, or the existence of the investigation
2 to any person, except as necessary to effectuate this Order,
3 unless or until otherwise ordered by the Court.
4     IT IS SO ORDERED.
5 DATED:  December 30, 2005

_____
HONORABLE KIMBERLY J. MUELLER
United States Magistrate Judge

4

**A D D E N D U M**

The pen register and trap and trace device installed in accordance with the foregoing Order shall be configured to exclude all information constituting or disclosing the "contents" of any communications or accompanying electronic files. "Contents" is defined by statute as any "... information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8).

The disclosure of the "contents" of communications is prohibited by the Order even if what is disclosed also is "dialing, routing, addressing and signaling information." Therefore, the term "contents" of communications includes, but is not necessarily limited to, subject lines, application commands, search queries, requested file names, and file paths.

Violation of the Order may subject whoever is in violation to contempt of court sanctions. In implementing the Order, should any question arise as to whether the pen register and/or trap and trace device should be configured to provide or not to provide any particular category of information in addition to one of those categories listed above, the attorney for the government, the Federal Bureau of Investigation, and/or the Internet service provider(s) are invited to apply to the judge issuing this Order for clarification.

DATED: December 30, 2005

HONORABLE KIMBERLY J. MUELLER
United States Magistrate Judge

5